1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

**17 JUN 27 AM 8:45**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MXN

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br>Booking # 16178866,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 3:17-cv-0564-WQH-NLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br>**[Doc. No. 2]**<br><br>**AND**<br><br>**3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Plaintiff Thomas Goolsby is a state inmate who was temporarily housed in the San Diego Central Jail ("SDCJ") at the time he initiated this action.[1] Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 and a request for leave to proceed in forma pauperis ("IFP"). (ECF Nos. 1,2). Because Plaintiff's Motion to Proceed IFP complies

---

[1] Plaintiff filed a notice of change of address on June 12, 2017. (ECF No. 3).

1

1  with 28 U.S.C. § 1915(a)(2), the Court grants him leave to proceed without full

2  prepayment of the civil filing fees required by 28 U.S.C. §1914(a) and dismisses some of

3  the claims in his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)

4  and § 1915A(b).

## Background

6  Plaintiff claims that he has been placed in solitary confinement without due

7  process in addition to being subjected to constant cell illumination and deprived of

8  outdoor exercise in violation of his Eighth Amendment rights.  (See ECF No. 1 at 16-17.)

9  He seeks injunctive relief along with $100,000 in compensatory damages and $250,000

10  in punitive damages from each named Defendant.  (Id. at 18.)

## Discussion

12  **A.    Plaintiff's IFP Motion**

13  All parties instituting any civil action, suit, or proceeding in a district court of the

14  United States, except an application for writ of habeas corpus, must pay a filing fee of

15  $400.[2]  See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

16  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

17  § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v.

18  Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to

19  proceed IFP remains obligated to pay the entire fee in "increments" or "installments,"

20  Bruce v. Samuels, 136 S. Ct. 627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185

21  (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28

22  U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

23  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

24  "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

---

27  [2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See
   28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.
   Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed
   IFP. Id.

2

1   6-month period immediately preceding the filing of the complaint." 28 U.S.C.

2   § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

3   trust account statement, the Court assesses an initial payment of 20% of (a) the average

4   monthly deposits in the account for the past six months, or (b) the average monthly

5   balance in the account for the past six months, whichever is greater, unless the prisoner

6   has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having

7   custody of the prisoner then collects subsequent payments, assessed at 20% of the

8   preceding month's income, in any month in which his account exceeds $10, and forwards

9   those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2);

10   Bruce, 136 S. Ct. at 629.

11         In support of his IFP motion, Plaintiff has submitted a copy of his San Diego

12   Central Jail prison certificate. ECF No. 2 at 5; see 28 U.S.C. § 1915(a)(2); S.D. CAL.

13   CIVLR 3.2; Andrews, 398 F.3d at 1119. This certificate shows that while he has had

14   monthly deposits to his account preceding the filing of his Complaint, his current

15   available balance is $0.51 (ECF No. 2 at 5), and it appears Plaintiff is unable to pay any

16   initial fee at this time. See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a

17   prisoner be prohibited from bringing a civil action or appealing a civil action or criminal

18   judgment for the reason that the prisoner has no assets and no means by which to pay [a]

19   initial partial filing fee"); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that

20   28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP

21   case based solely on a "failure to pay . . . due to the lack of funds available to him when

22   payment is ordered").

23         Therefore, the Court grants Plaintiff leave to proceed IFP, declines to "exact" any

24   initial filing fee because his trust account statement shows he "has no means to pay it,"

25   Bruce, 136 S. Ct. at 629, and directs the Watch Commander at the San Diego Central Jail

26   to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and

27   forward them to the Clerk of the Court pursuant to the installment payment provisions set

28   forth in 28 U.S.C. § 1915(b)(1).

## B. Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner and is proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

4

## C.    42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

### 1.    "Under Color of State Law"

All the Defendants named in Plaintiff's complaint are alleged to have acted in their individual and official capacities as employees of the San Diego County Sheriff's Department at the time of his alleged injuries. (ECF No. 1 at 2-3). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West, 487 U.S. at 50. Therefore, the Court need only determine whether Plaintiff has "plead[ed] factual content that allows the court to draw the reasonable inference" that each defendant he seeks to hold liable, "through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 678.

### 2.    Fourteenth Amendment due process claims

Plaintiff claims that upon his arrival from a California state prison, he was immediately placed in solitary confinement. (ECF No. 1 at 10). Plaintiff alleges he asked for the basis of this classification because he was previously housed in the "general population." (Id.) However, Defendants allegedly refused to provide him with the basis of this decision or allow him to attend a classification hearing. (Id.)

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)) (internal quotation marks

5

omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Id. at 861 (quoting Sandin, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." Id. at 860.

As currently pleaded, Plaintiff's Complaint fails to allege facts which show that the placement in solitary confinement subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." Id.; Sandin, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his solitary confinement placement. Nor does he allege the degree of restraint it imposed. See id. at 861 (quoting Sandin, 515 U.S. at 486-87).

Moreover, Plaintiff's pleading contains no "factual content that allows the court to draw the reasonable inference," Iqbal, 556 U.S. at 678, that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." Sandin, 515 U.S. at 584-85; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Therefore, the Court finds that Plaintiff's Fourteenth Amendment due process claims must be dismissed for failing to state a claim upon which relief may be granted.

### 3. Individual Causation

The Court also finds that dismissal of Defendants Price and Mesa is warranted at this stage. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988),

6

1  (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)); Berg v. Kincheloe, 794 F.2d 457,

2  460 (9th Cir. 1986); Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir.

3  1999) ("Causation is, of course, a required element of a § 1983 claim.") A person

4  deprives another "of a constitutional right, within the meaning of section 1983, if he does

5  an affirmative act, participates in another's affirmative acts, or omits to perform an act

6  which he is legally required to do that causes the deprivation of which [the plaintiff

7  complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not

8  stated a claim against Defendants Price and Mesa because he has failed to allege facts

9  regarding what actions were taken or not taken by these Defendants which caused the

10  alleged constitutional violations.

11      The Court finds that Defendants Price and Mesa must be dismissed from this

12  action because Plaintiff has failed to state a claim against either of these Defendants.

13      **4.      Leave to Amend**

14      A pro se litigant must be given leave to amend his or her complaint to state a claim

15  unless it is absolutely clear the deficiencies of the complaint cannot be cured by

16  amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when

17  a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the

18  plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff has alleged

19  Eighth Amendment claims that survive the sua sponte screening process, Plaintiff's

20  Complaint fails to state a Fourteenth Amendment claim upon which relief can be granted.

21      However, the Court will provide Plaintiff the opportunity to notify the Court as to

22  whether he intends to proceed with his Eighth Amendment claims only or file an

23  amended complaint fixing all the pleading deficiencies discussed in this Order.

24      Plaintiff is cautioned, however, that should he choose to file an amended

25  complaint, it must be complete by itself and it must comply with Federal Rule of Civil

26  Procedure 8(a). Any claim not re-alleged will be considered waived. See S.D. Cal.

27  CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546

28  (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey, 693 F.3d at

1  928 (noting that claims dismissed with leave to amend which are not re-alleged in an
2  amended pleading may be "considered waived if not repled.").

### Conclusion

For all the reasons explained the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2.  **DIRECTS** the Watch Commander of SDCJ or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92158.

4.  **DISMISSES** Plaintiff's claims against Defendants Price and Mesa and Plaintiff's Fourteenth Amendment claims for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5.  **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the Eighth Amendment claims only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

3:17-cv-0564-WQH-NLS

6.     The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated:  6/26/17

_____
Hon. William Q. Hayes
United States District Judge