UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, CDCR #F-19778, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, et al. <br><br> Defendants. | Case No.: 3:17-cv-0564-WQH-NLS <br><br> **ORDER** |

Thomas Goolsby ("Plaintiff"), a state inmate currently housed at Kern Valley State Prison ("KVSP"), filed a Complaint pursuant to 42 U.S.C. § 1983 on March 31, 2017. (Doc. No. 1.) Plaintiff also requested leave to proceed in forma pauperis ("IFP") (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. §1914(a) and dismissed some of the claims in his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 4.)

In his Complaint, Plaintiff had named eleven (11) Defendants. (ECF No. 1 at 2-3.) In the Court's June 27, 2017 Order, Plaintiff was given the option to notify the Court as to whether he intends to proceed with his Eighth Amendment claims that the Court determined survived the sua sponte screening process or file an amended complaint correcting all the pleading deficiencies identified by the Court. (ECF No. 4 at 8.) Plaintiff filed a "Motion for Extension of Time to File Amended Complaint" on August 9, 2017. (Doc. No. 8.) However, before the Court could issue a ruling on this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.) Therefore, Plaintiff's Motion requesting an extension of time is DENIED as moot. In Plaintiff's FAC, he has now named forty-six (46) Defendants.

**I.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

**A.  Screening Standards**

As the Court informed Plaintiff in its previous Order, because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

**1.     "Under Color of State Law"**

All the Defendants named in Plaintiff's complaint are alleged to have acted in their individual and official capacities as employees of the San Diego County Sheriff's Department at the time of his alleged injuries. See ECF No. 9 at 9-13. "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West, 487 U.S. at 42.

Therefore, the Court need only determine whether Plaintiff has "plead[ed] factual content that allows the court to draw the reasonable inference" that each defendant he seeks to hold liable, "through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 678.

## 2. Factual allegations

On December 12, 2016, Plaintiff was a state prisoner but was temporarily housed at the San Diego Central Jail ("SDCJ"). See ECF No. 9 at 13. Plaintiff was "immediately placed into solitary confinement without any reason given" and not provided with any paperwork regarding this placement. Id. Plaintiff submitted an "inmate request" to the classification department which "consisted of at that time: Lt. Smith, Sgt. Lawson, Sgt. Froisted, Deputy Price, Deputy Leon, Deputy Bravo, Deputy Martinez and Deputy Rios." Id. Plaintiff requested "written notice of the reason for placement," along with a hearing and "opportunity to rebut the charges, if any." Id. at 14. Plaintiff also filed an administrative grievance in which he noted that he was housed in general population at Kern Valley State Prison. Id. Plaintiff claims Defendant Lawson responded to Plaintiff's grievance "refusing to tell him the reason for his ad-seg placement or provide notice, hearing or allow rebuttal." Id. Plaintiff filed another grievance appealing Defendant Lawson's response. Id. While this grievance was "picked up by John Doe Deputy," Plaintiff never received a response to this grievance. Id.

Plaintiff remained in solitary confinement from December 12, 2017 to May 17, 2017. See id. Plaintiff alleges that he was denied privileges that he had when he was previously housed in general population at KVSP. See id. at 14-18.

Plaintiff also alleges that Sheriff William Gore and the County of San Diego implemented policies including cell illumination, distribution of razors in the middle of the night, allowing "loud televisions" and housing "mentally ill inmates" near him which caused "chronic sleep deprivation causing Plaintiff serious physical and psychological injury." Id. at 19-21. Plaintiff also claims Defendants Kamosa, Lovelace, Goings, Brewer, Johns, Navarro, Fowler, Seely, Simms, Gardner, De La Torre, Oliver, Cole, McKenny, Cerda, Warren, Stratham, Epps, Mondragon, Barrios, Camalleri, Williams, Moon, Gallagas, Bullock, Vargas, Zepeda, Gonzalez, White, Ramos, De La Cruz, Huerta, Ellsworth, Bass, Olsen, Mendoza, and Agnew "all worked on Plaintiff's housing floor during his confinement" and should be held liable for all of his claims. Id. at 20-21.

On January 30, 2017, "after more than a month of this sleep deprivation," Plaintiff attempted to give a grievance to Defendant Oliver for processing but Defendant Oliver told Plaintiff he had to "call Defendant Sergeant Brewer before he could sign it and accept it." Id. at 22. Defendant Oliver "came back and said 'I can't accept this'" and handed the grievance back to Plaintiff. Id. The next day, Plaintiff attempted to give the grievance directly to Defendant Brewer who refused the grievance and told Plaintiff that his "only recourse is to file an inmate request." Id. at 22-23. Plaintiff claims Defendant Brewer said "this is not a hotel." Id. at 23.

Later the same day, Plaintiff wrote to Sheriff Gore "putting him on notice of the sleep deprivation caused by the lights, counts, tray slots, razors, breakfast, television volume, and mentally ill inmates." Id. Plaintiff also filed a grievance against Defendant Gonzales who he claims is "an extremely loud and disrespectful deputy, who would yell and curse to get Plaintiff to the window quicker during count and slam the tray slots especially loud." Id. When Plaintiff complained, he claims Defendant Gonzales "retaliated by purposely slamming the section door repeatedly every hour walk to wake Plaintiff." Id. Defendant Johns denied Plaintiff's grievance and stated "Deputy F. Gonzales did nothing wrong" and did not violate policy. Id. Plaintiff appealed this grievance and Defendant Kamoss also responded that Defendant Gonzales "did not violate policy or your Constitutional rights as an inmate." Id. at 24.

### 3. Fourteenth Amendment due process claims

Plaintiff alleges that at the time he was housed in the SDCJ he was a "state prison inmate out-to-court from a general population (GP) mainline at Kern Valley State Prison." (ECF No. 9 at 14.) Upon his arrival at SDCJ from KVSP, he was immediately placed in solitary confinement. (Id. at 13.) Plaintiff alleges he asked for the basis of this classification because he was previously housed in the "general population." (Id.) However, Defendants allegedly refused to provide him with the basis of this decision or allow him to attend a classification hearing. (Id.)

The Due Process Clause protects prisoners against deprivation or restraint of "a

5

3:17-cv-0564-WQH-NLS

protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Ramirez, 334 F.3d at 861 (quoting Sandin, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." Ramirez, 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that the placement in solitary confinement subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." Id.; Sandin, 515 U.S. at 584. "Sandin requires a factual comparison between conditions in general population or administrative segregation (whichever is applicable) and disciplinary segregation, examining the hardship caused by the prisoner's challenged action in relation to the basic conditions of life as a prisoner." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

In this case, Plaintiff provides several examples of the difference between the conditions of confinement while housed in general population at KVSP and the conditions of confinement when placed in disciplinary segregation at SDCJ. However, Plaintiff fails to provide a comparison between the conditions of confinement between the general population *at SDCJ* and the conditions of confinement in the disciplinary segregation at SDCJ. Plaintiff outlines a number of privileges he received while housed in general population at KVSP but there are no factual allegations that he would have received these same privileges if he had been housed in the general population at SDCJ.

Therefore, the Court finds that Plaintiff's pleading contains insufficient factual content to permit a reasonable inference that Defendants' actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." Sandin, 515 U.S. at 584-85; see also Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Therefore, the Court finds that Plaintiff's Fourteenth Amendment due process claims must be dismissed for failing to state a claim upon which relief may be granted.

### 4. Eighth Amendment claims and Individual Causation

The Court finds that Plaintiff has stated an Eighth Amendment conditions of confinement claim but he fails to allege plausible facts that would link the actions of the named Defendants to the alleged deprivations. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976)); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986); Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated an Eighth Amendment claim against any of the named Defendants, with the exception of the County of San Diego and William Gore, because he has failed to allege facts regarding what actions were taken or not taken by these Defendants to cause the alleged constitutional violations. Plaintiff cannot simply allege that Defendants are liable because they "all worked on Plaintiff's housing floor during his confinement." (ECF No. 9 at 21.) He must allege facts specific to each individual Defendant as to what they

purportedly did to violate his rights and when they took action that allegedly violated his rights.

However, the Court does find that Plaintiff has alleged Eighth Amendment claims arising from municipal liability sufficient to survive the sua sponte screening process as to the County of San Diego and Sheriff William Gore in his official capacity only.

### 5. Administrative Grievance claims

Plaintiff claims that Defendants Oliver, Brewer, Johns, Kamoss and John Doe Deputy Argis #3621 all failed to either properly process his administrative grievances or respond to his grievances in a manner Plaintiff found satisfactory. (See ECF No. 9 at 22-24.) However, he has no federal constitutional right to an effective grievance or appeal procedure. Ramirez, 334 F.3d at 860 (finding no § 1983 liability for actions of prison officials in reviewing inmate appeals because inmates have no federal constitutional right to a prison grievance system); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.")

### 6. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. See Lopez, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff has alleged Eighth Amendment claims against the County of San Diego and Sheriff William Gore in his official capacity that survive the sua sponte screening process, Plaintiff's FAC fails to state a Fourteenth Amendment claim upon which relief can be granted.

However, the Court will provide Plaintiff the opportunity to notify the Court as to whether he intends to proceed with his Eighth Amendment claims only or file an amended complaint fixing all the pleading deficiencies discussed in this Order.

Plaintiff is cautioned, however, that should he choose to file an amended complaint, it must be complete by itself and comply with Federal Rule of Civil Procedure 8(a). Any

claim not re-alleged will be considered waived. See S.D. Cal. CivLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**II. Conclusion**

For all the reasons explained the Court:

1. **DENIES** Plaintiff's Motion for Extension of Time to File Amended Complaint (ECF No. 8) as moot;

**2**. **DISMISSES** Plaintiff's Fourteenth Amendment claims for failing to state a claim and Plaintiff's Eighth Amendment claims against all Defendants with the exception of County of San Diego and Sheriff William Gore pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

3. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the Eighth Amendment claims only as to the County of San Diego and Sheriff William Gore in his official capacity; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.)

4. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: December 14, 2017

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court

9

3:17-cv-0564-WQH-NLS