UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, CDCR #F-19778, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, et al. <br><br> Defendants. | Case No.: 17cv0564-WQH-NLS <br><br> **ORDER** |

**I.	Procedural History**

On March 21, 2017, Thomas Goolsby ("Plaintiff"), a state inmate currently housed at Calipatria State Prison, filed a Complaint pursuant to 42 U.S.C. § 1983 on March 31, 2017. (ECF No. 1.) Plaintiff also requested leave to proceed in forma pauperis ("IFP") (ECF No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. §1914(a) and dismissed some of the claims in his

1

Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 4.)

In his Complaint, Plaintiff had named eleven (11) Defendants. (ECF No. 1 at 2–3.) In the Court's June 27, 2017 Order, Plaintiff was given the option to notify the Court as to whether he intends to proceed with his Eighth Amendment claims that the Court determined survived the sua sponte screening process or file an amended complaint correcting all the pleading deficiencies identified by the Court. (ECF No. 4 at 8.) Plaintiff filed a "Motion for Extension of Time to File Amended Complaint" on August 9, 2017. (ECF No. 8.) However, before the Court could issue a ruling on this Motion, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 9.)

In Plaintiff's FAC, he named over forty (40) Defendants. *Id.* at 9–13. On December 14, 1017, the Court dismissed several claims in Plaintiff's FAC and gave him the option of pursuing his Eighth Amendment claims against Defendants County of San Diego and Sheriff William Gore or filing an amended complaint. (Doc. No. 11). Plaintiff has now filed his Second Amended Complaint ("SAC") in which he names forty–five (45) Defendants. (ECF No. 12).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Screening Standards

As the Court informed Plaintiff in its previous Orders, because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B. 42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

**1. "Under Color of State Law"**

All the Defendants named in Plaintiff's SAC are alleged to have acted in their individual and official capacities as employees of the San Diego County Sheriff's Department at the time of Plaintiff's alleged injuries. "Generally, a public employee acts

3

17cv0564-WQH-NLS

under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 42.

Therefore, the Court need only determine whether Plaintiff has "plead[ed] factual content that allows the court to draw the reasonable inference" that each defendant he seeks to hold liable, "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 678.

### 2. Factual allegations

On December 12, 2016, Plaintiff was a state prisoner but temporarily housed at the San Diego Central Jail ("SDCJ"). (ECF No. 12 at 14). Plaintiff was "immediately placed into solitary confinement without any reason given" and not provided with any paperwork regarding this placement. *Id.* Plaintiff submitted an "inmate request" to the classification department which was "made up of Lt. Smith, Sgt. Lawson, Sgt. Froisted, Deputy Price, Deputy Leon, Deputy Bravo, Deputy Martinez and Deputy Rios." *Id.* Plaintiff requested "written notice of the reason for placement," along with a hearing and "opportunity to rebut the charges, if any." *Id.* Plaintiff also filed an administrative grievance in which he noted that he was housed in general population at Kern Valley State Prison. *Id.* Plaintiff claims Defendant Lawson responded to Plaintiff's grievance "refusing to tell him the reason for his solitary confinement placement or provide him with notice, hearing or allow rebuttal." *Id.* 14–15. Plaintiff filed another grievance appealing Defendant Lawson's response. *Id.* at 15. While this grievance was "picked up by Floor Deputy with ARGIS #3293," Plaintiff never received a response to this grievance. *Id.*

Plaintiff remained in solitary confinement for 150 days and "took a plea deal just to escape the harsh conditions of solitary confinement." *Id.* at 19. Plaintiff claims that cells were illuminated throughout the night, he was often awoken with cell counts, the distribution of razors, deputies "slamming" tray slots shut, and televisions in the dayroom with "extremely loud" volume. *Id.* at 19–20. Plaintiff claims some of the named Defendants "had the authority to order razors passed out PRIOR to midnight and to open and shut the tray slots when doing so quietly." *Id.* at 21. However, Defendants "refused

4

17cv0564-WQH-NLS

to order razors be passed out prior to midnight." *Id.* Plaintiff also "complained" to Defendants "about being housed with mentally ill inmates who bang, yell, scream, throw urine, feces, food, spit, and throw trash out of their cells and all over the dayroom." *Id.*

Plaintiff also claims that "beginning February 7, 2017" he was "denied all out-of-cell exercise, including access to the indoor rec-yard." *Id.* at 25. Plaintiff "repeatedly requested yard access" to Defendants but was denied. *Id.* at 25–26. As a result, Plaintiff alleges he suffered from "headaches, breathing difficulties, muscle and ligament tightening, cardiovascular regression, weight gain, and depression, as well as other physical and psychological injuries." *Id.* at 26.

### 3. Eighth Amendment claims and Individual Causation

Once again, the Court finds that Plaintiff has stated an Eighth Amendment conditions of confinement claim but he fails to allege plausible facts that would link the actions of the forty five Defendants he names and the alleged deprivations. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim."). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated an Eighth Amendment claim against any of the named Defendants, with the exception of the County of San Diego and William Gore, because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations.

For example, Plaintiff claims that "each floor deputy decides how to open and shut the tray slot." (ECF No. 12 at 20). He then claims Defendants Oliver, Cole, McKenny,

Cerda, Warren, Stratham, Epps, Mondragon, Barrios, Camalleri, J.D. Williams, Moon Gallegas, Bullock, Vargas, Zepeda, F. Gonzalez, White, Ramos, De La Cruz, Huerta, M. Ellsworth, Bass, Olsen, Mendoza, and Agnew were known to "drop each tray slot open and then [slam] it shut after giving a razor causing a very loud sound." *Id.* The conditions alleged by Plaintiff may rise to the level of stating an Eighth Amendment conditions of confinement claim but listing a number of Defendants for each claim, without further factual detail as to how many times and when each individual Defendant was alleged to have caused these deprivations, is not sufficient for the Court to find these claims survive the sua sponte screening process.

"Not every injury that a prisoner sustains while in prison represents a constitutional violation." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison conditions do not violate the Eighth Amendment unless they amount to "unquestioned and serious deprivations of basic human needs" or of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." *Whitely v. Albers*, 475 U.S. 312, 319 (1986).

Therefore, to assert an Eighth Amendment claim for deprivation of humane conditions of confinement, a prisoner must allege facts sufficient to fulfill two requirements: one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Morgan*, 465 F.3d at 1045. Specifically, he must allege: (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials were deliberately indifferent to either his health or his safety in allowing the deprivation to take place. *Farmer*, 511 U.S. at 834; *Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).

Under the objective requirement, the prisoner must allege facts sufficient to show

6

17cv0564-WQH-NLS

that the prison official's acts or omissions deprived him of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *Farmer*, 511 U.S. at 834. This objective component is satisfied so long as the institution "furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 832. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Only extreme deprivations suffice to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298).

Under the subjective requirement, the prisoner must allege facts that show that the defendant acted with "deliberate indifference." *Wilson*, 501 U.S. at 303; *Mendiola–Martinez*, 836 F.3d at 1248. "Deliberate indifference" exists when a prison official "knows of and disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilson*, 501 U.S. at 302–03. "It is obduracy and wantonness, not inadvertence or error in good faith that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley*, 475 U.S. at 319.

The "circumstances, nature, and duration of a deprivation of [life's] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson*, 217 F.3d at 731. Plaintiff must link specific Defendants to the alleged sustained deprivation of his "life's necessities." *Id.* Merely listing a number of Defendants, without more specific factual context, is not enough for the Court to find that each one of these Defendants acted with "deliberate indifference." *Wilson*, 501 U.S. at 303.

Accordingly, Plaintiff's Eighth Amendment claims against all Defendants in their individual capacity are DISMISSED for failing to state a claim upon which relief may be

granted.

### 4. Fourteenth Amendment due process claims

However, as currently pleaded, the Court finds that Plaintiff's SAC contains factual allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it alleges Fourteenth Amendment due process claims against Defendant Lawson relating to the claims that he was placed in solitary confinement that are plausible on its face.[1] *See Wilhelm*, 680 F.3d at 1123. *See Iqbal*, 556 U.S. at 678.

However, to the extent that Plaintiff seeks to hold any Defendant liable for Fourteenth Amendment violations based on how they responded to his administrative grievances, he has failed to state a claim. A jail official's alleged improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails to properly process grievances submitted for consideration).

### 5. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff has sufficiently

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

alleged Eighth Amendment claims against the County of San Diego and Sheriff William Gore in his official capacity and Fourteenth Amendment due process claims against Defendant Lawson that survive the sua sponte screening process, Plaintiff's SAC fails to state an Eighth or Fourteenth Amendment claim against any of the remaining individual Defendants upon which relief can be granted.

However, the Court will provide Plaintiff with one *final* opportunity to notify the Court as to whether he intends to proceed with his claims that survive the sua sponte screening process only or file an amended complaint fixing all the pleading deficiencies discussed in this Order. If Plaintiff chooses to file an amended pleading that fails to correct the deficiencies of pleading identified by the Court, those claims will be dismissed without leave to amend and the Court will direct the United States Marshals Service to effect service on the surviving claims only.

### III. Conclusion

For all the reasons explained the Court:

1. **DISMISSES** Plaintiff's Eighth Amendment claims for failing to state a claim against all Defendants with the exception of County of San Diego and Sheriff William Gore in his official capacity pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

2. **DISMISSES** Plaintiff's Fourteenth Amendment claims for failing to state a claim against all Defendants with the exception of Defendant Lawson pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

3. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the Eighth Amendment claims only as to the County of San Diego and Sheriff William Gore in his official capacity and the Fourteenth Amendment claims as to Defendant Lawson; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

4. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: April 10, 2018

Hon. William Q. Hayes
United States District Court