UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, CDCR #F-19778,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.<br><br>Defendants. | Case No.: 3:17-cv-0564-WQH-NLS<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND THIRD AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed.R.Civ.P. 4(c)(3)** |

**I.    Procedural History**

On March 21, 2017, Thomas Goolsby ("Plaintiff"), a state inmate currently housed at Calipatria State Prison, filed a Complaint pursuant to 42 U.S.C. § 1983 on March 31, 2017. (Doc. No. 1.) Plaintiff also requested leave to proceed in forma pauperis ("IFP") (Doc. No. 2). Because Plaintiff's Motion to Proceed IFP complied with 28 U.S.C. § 1915(a)(2), the Court granted him leave to proceed without full prepayment of the civil filing fees required by 28 U.S.C. §1914(a) and dismissed some of the claims in his

Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (Doc. No. 4.) The Court also dismissed claims in Plaintiff's subsequent First and Second Amended Complaints but allowed Plaintiff leave to file an amended pleading to correct the deficiencies of pleading identified in the Court's Order. (Doc. Nos. 11, 14.) On April 23, 2018, Plaintiff filed his Third Amended Complaint ("TAC"). (Doc. No. 15.)

**II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   **A.   Screening Standards**

As the Court informed Plaintiff in its previous Orders, because Plaintiff is a prisoner and is proceeding IFP, his TAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" Nordstrom v. Ryan, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Wyatt v. Cole, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Long v. Cty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

As currently pleaded, the Court finds Plaintiff's TAC contains "sufficient factual matter, accepted as true," to state claims for relief that are "plausible on [their] face," Iqbal, 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] See Wilhelm, 680 F.3d at 1123.

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DIRECTS** the Clerk to issue a summons as to Plaintiff's TAC (ECF No. 15) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of the June 27, 2017 Order granting IFP status, a certified copy of his TAC, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be served*, see S.D. CAL. CIVLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

2) **ORDERS** the U.S. Marshal to serve a copy of the TAC and summons upon Defendants as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

3) **ORDERS** Defendants, once served, to reply to Plaintiff's TAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

4) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on

Defendants or Defendants' counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED**.

Dated: May 2, 2018

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court