UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>          Defendants. | Case No.: 3:17-cv-564-WQH-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT EXPERT**<br><br>**[ECF No. 94]** |

  Before the Court is Plaintiff's motion to appoint an expert witness relating to sleep and sleep deprivation. ECF No. 94. Plaintiff requests the Court appoint an expert under Federal Rules of Evidence 706(a), because he argues issues related to sleep deprivation will "involve scientific evidence of complex issues." *Id.* at 2.

  Federal Rules of Evidence 706(a) authorizes a court to appoint an expert on its own motion or on the motion of any party. When the Court appoints an expert, the cost is apportioned between the parties. Fed.R.Evid. 706(c)(2). Plaintiff argues an expert will be able to "define sleep deprivation" and offer testimony on a "normal healthy sleep period." *Id.* at 3. This, however, is not an adequate basis for appointment under Rule 706(a). The role of a court appointed expert is to serve as an independent neutral advisor in order to enlighten the Court and the jury on issues that are excessively complex or confusing.

1

Plaintiff has not shown a need exists for such an expert, and the issues in this case are not sufficiently complex as to necessitate the appointment of an expert by the Court.

Plaintiff's intended use of the requested expert witness appears to be more consistent with the typical usage of witnesses testifying pursuant to Rules 702–705, which permit parties to proffer qualified expert testimony in support of their claims or defenses. While the Court is cognizant of the challenges an IFP litigant such as Plaintiff faces in retaining an expert witness, the IFP statute does not grant the Court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C.A. § 1915; *see also Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir.1995) (holding a district court "has no authority to appoint an expert witness under section 1915"). As a general matter, IFP litigants must hire their own experts. *Sinegal v. Duarte*, 11CV2534-BEN JMA, 2013 WL 5408602, at *2 (S.D. Cal. Sept. 25, 2013).

Even if the Court were to appoint an expert, Plaintiff's motion does not address how Plaintiff intends to pay any expert fees if an expert were appointed. Plaintiff asserts he is indigent. ECF No. 2. The Court refers Plaintiff to the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915, which authorizes the court to permit only commencement of suit without prepayment of fees and costs upon a showing of indigency; it does not require the court to finance a civil action or appeal. *Hadsell v. Comm'r Internal Revenue Serv.*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (28 U.S.C. § 1915 does not waive payment of fees or expenses for witnesses); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam); *Merchant v. Lopez*, 09-CV-856-WQH-NLS, 2010 WL 1948922, at *1 (S.D. Cal. May 12, 2010). The IFP statute does not waive the requirement of the payment of fees or expenses for witnesses, including experts, in a § 1983 prisoner civil rights action. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Plaintiff would remain financially responsible for payment of expert witness fees yet he does not demonstrate he has the means to pay.

///

///

Plaintiff's motion to appoint an expert is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 7, 2018

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge