# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, <br> Plaintiff, <br> v. <br> COUNTY OF SAN DIEGO, et al., <br> Defendants. | Case No.: 17cv564-WQH-NLS <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 86) granting in part and denying in part Defendants' Motion to Dismiss and denying Defendant's Motion to Strike, (ECF No. 67).[1]

## I.  BACKGROUND

On September 26, 2018, the Magistrate Judge filed a Report and Recommendation recommending that this Court deny Defendants' Motion to Strike Plaintiff's allegations comparing general population and administrative segregation. (ECF No. 86 at 7–8). The Report and Recommendation further recommended that this Court Deny Defendant's Motion to Dismiss Plaintiff's Eighth Amendment claims regarding sleep deprivation

---

[1] A Motion for notice of joinder (ECF No. 78) filed by three Defendants who were served after the Defendants' Motion to Dismiss was filed. The Motion for joinder is granted.

1

caused by noise from officers during razor drop-off and pick-up, against the County of San Diego, Sheriff Gore, and a number of named defendants; Plaintiff's Fourteenth Amendment claims regarding placement in administrative segregation as to Defendants County of San Diego and Sgt. Lawson, and Plaintiff's Eighth Amendment claims regarding the denial of out-of-cell exercise as to Defendant County of San Diego. The Report and Recommendation further recommends that this Court grant the Motion to Dismiss as to Plaintiff's Eighth Amendment claims regarding sleep deprivation caused by lighting schedule, mentally ill inmates, and excessive television volume. The Report and Recommendation further recommends that this Court grant the Motion to Dismiss regarding Plaintiff's Fourteenth Amendment claims against defendants other than Defendants County of San Diego and Sgt. Lawson, and regarding Plaintiff's Eighth Amendment claims regarding out-of-cell exercise against defendants other than Defendant County of San Diego. The Report and Recommendation further recommends that this Court dismiss without leave to amend all damages claims against individual defendants in their official capacities on Eleventh Amendment immunity grounds and all claims for injunctive relief on mootness grounds, allowing only claims for damages to proceed. The Report and Recommendation further recommends that a number of individual defendants and the John Doe defendants be dismissed without leave to amend and without discovery pursuant to 28 U.S.C. § 1915(a). The Report and Recommendation further recommends that this Court order the Deputy Attorneys General assigned to this case to provide the first initials of a number of individual defendants, and that this Court extend time to complete service as to those defendants until 60 days following the Court's decision on the Report and Recommendation.

On October 9, October 23, and October 26, 2018, Plaintiff made filings objecting to portions of the Report and Recommendation. (ECF Nos. 87, 90, 92). Plaintiff objects to the recommendation that this Court dismiss Plaintiff's Eighth Amendment claims for sleep deprivation caused by lighting schedule, mentally ill inmates, and television volume, and to the recommendation that this Court dismiss individual defendants without leave to

amend on Eleventh Amendment immunity grounds, and deny as moot Plaintiff's claims for injunctive relief.

On October 21, 2018, Defendants filed objections to the Report and Recommendation, (ECF No. 88), and on October 23, 2018, Defendants filed a Reply (ECF No. 91) to Plaintiff's objections. Defendants object to the recommendation that this Court deny Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claims regarding sleep deprivation against the County of San Diego, Sheriff Gore, and a number of named defendants; and Plaintiff's Fourteenth Amendment claims regarding placement in administrative segregation against County of San Diego and Sgt. Lawson.

## II. LEGAL STANDARD ON REPORT AND RECOMMENDATION

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## III. ANALYSIS

42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint alleges the following three claims under 42 U.S.C. § 1983: (1) lack of Fourteenth Amendment due process in his classification and extended placement in administrative

segregation; (2) conditions of confinement that violate his Eighth Amendment rights, specifically, noise factors depriving him of sleep; and (3) conditions of confinement that violate his Eighth Amendment rights, specifically, depriving him of out-of-cell exercise.

### A. Eighth Amendment Claim Based on Sleep Deprivation

The Court has reviewed the objections to the following recommendations of the Magistrate Judge: 1) Plaintiff fails to state a claim based on sleep deprivation caused by the lighting schedule at SDJC; 2) Plaintiff fails to state a claim based on sleep deprivation caused by noise from mentally ill inmates, and 3) Plaintiff fails to state a claim based on sleep deprivation caused by the volume of the television. The Court adopts these portions of the Report and Recommendation.

The Court has reviewed the objections to the recommendation of the Magistrate Judge to deny the Motion to Dismiss regarding Plaintiff's Eighth Amendment claim based on sleep deprivation caused by noise created by officers during nightly razor drop-off and pick-up. (ECF No. 86 at 12–15). The Eighth Amendment requires inmates to "be housed in an environment that, if not quiet, is at least reasonably free of excess noise." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (quoting *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1397 (N.D. Cal. 1984), aff'd in part, rev'd in part on other grounds, 801 F.2d 1080 (9th Cir. 1986)). In *Keenan*, the court determined there was an issue of material fact precluding summary judgment based on plaintiff's allegations "that at all times of day and night" inmates "were screaming, wailing, crying, singing, and yelling" and that there was "a constant, loud banging" for a period of six months. *Id.* at 1090. In *Toussaint*, the court permanently enjoined conditions of confinement that violated the Eighth Amendment, including an "unrelenting, nerve-racking din" that created "[c]onstant exposure . . . a level of noise inflict[ing] pain without penological justification." 597 F. Supp. at 1397–98, 1409–10. *But see Grizzle v. Cty. of San Diego*, No. 17-CV-813-JLS (PCL), 2018 WL 1603212, at *5 (S.D. Cal. Apr. 3, 2018) (alleging broadly that other inmates "screamed, yelled, banged loudly, threw feces and trash" did not rise to the level of stating a claim for an Eighth Amendment violation); *Mendoza v. Blodgett*, No. C-89-770-JBH, 1990 WL

4

263527, at *2, 5 (E.D. Wash. Dec. 21, 1990) (holding that the prisoner's one night without sleep did not rise to the level of a constitutional violation). In the context of qualified immunity, courts have stated that in the Ninth Circuit it is clearly established that conditions of confinement resulting in chronic, long term sleep deprivation violate the Eighth Amendment. *See Rico v. Beard*, No. 217CV1402KJMDBP, 2018 WL 3702310, at *1 (E.D. Cal. Aug. 2, 2018) (denying qualified immunity to officers alleged to have haphazardly opening and closing metal doors, "mak[ing] a loud noise," "strik[ing] a metal button on each cell in the SHU with a metal rod," "at night . . . once an hour," and "every half hour during the day"); *Matthews v. Holland*, No. 114CV01959SKOPC, 2017 WL 1093847, at *8 (E.D. Cal. Mar. 23, 2017) (denying qualified immunity for correctional officers who "used a metal bar to loudly bang and hit another metal object on inmates' cell doors which let out a loud beep or whistle," occurring "every 5, 10, 15, 20 minutes—24–hours a day," "for over a year").

In this case, Plaintiff's third amended complaint alleges a claim for sleep deprivation in violation of the Eighth Amendment based on allegations that the deputies distributed razors "in any unnecessarily loud manner" at 12 A.M., conducted a cell count at 3:30 A.M., and served breakfast between 4:00 A.M. and 4:30 A.M. (ECF No. 15 at 20). Plaintiff alleges that he is unable to sleep after 7:00 A.M. due to noise from the television, and that he "can only sleep, at most, from 1:00 a.m. to 3:30 a.m. and 4:30 a.m. to 7:00 a.m." *Id.* at 21. The Court concludes that taking these factual allegations as true, Plaintiff's sleep deprivation from noise caused by officers during razor drop-off and pick-up does not rise to the level of an Eighth Amendment violation. The procedures alleged in the complaint are incidental to incarceration, reasonably justified, and do not pose a substantial risk to an inmate's safety. The factual allegations in the third amended complaint are not sufficient to state an Eighth Amendment claim for conditions of confinement based on sleep deprivation caused by noise from razor drop-off and pick-up against the County of San Diego, Sheriff Gore, or any individual officer.

The Court does not adopt the related portions of the Report and Recommendation. (ECF No. 86 at 14:7–15:13, 31:4–10, 17–24, 32:3–10). The Eighth Amendment claim based on conditions of confinement, specifically lighting, excessive noise, and sleep deprivation is dismissed against all defendants, including any claims of municipal liability. The portion of the Report and Recommendation regarding municipal liability as to the Eighth Amendment claim based on sleep deprivation is mooted and not adopted. (ECF No. 86 at 16:6–20:21).

### B. Fourteenth Amendment Due Process Based on Placement in Administrative Segregation

Defendants object to the finding by the Magistrate Judge that Plaintiff "adequately alleges facts to support a liberty interest related to his placement in solitary confinement." (ECF No. 86 at 21). Defendants object to the conclusion of the Magistrate Judge that the facts alleged "plausibly suggest an unofficial policy and practice of failing to provide hearings for those placed in solitary confinement upon transfer." Id. at 23. Defendants assert that the facts alleged are not sufficient to state a claim for a pattern and practice and allege only improper acts by specific deputies. The Magistrate Judge reasonably concluded that the facts alleged "suggest an unofficial policy and practice" against the County of San Diego. The Magistrate Judge reasonably concluded that the facts alleged fail to state a claim against Sheriff Gore or against the individual defendants allegedly on the classification committee. However, the Court will dismiss the claims against Sgt. Lawson.

A claim against an officer in an official capacity is "treated as a suit against the entity" and may be dismissed by the district court as duplicative. *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Ctr. For Bio–Ethical Reform, Inc. v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant.")). "Local government entities do not have sovereign immunity," and claims against local government officers in their official capacities are duplicative without regard to sovereign liability principles. *Ctr. for*

*Bio-Ethical Reform*, 533 F.3d at 799 & n.18. Plaintiff's Fourteenth Amendment claim survives against the County of San Diego. The Court finds that Plaintiff's Fourteenth Amendment claim against Sgt. Lawson in his official capacity is duplicative within the meaning of *Melendres*.

Under the Eighth Amendment, for personal-capacity liability, "prison officials are . . . prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." *Parsons v. Ryan*, 754 F.3d 657, 677 (9th Cir. 2014). Deliberate indifference occurs when "[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Thus, a prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [conditions] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Deliberate indifference requires "a two-part inquiry." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety. This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." *Id.* (quoting *Farmer*, 511 U.S. at 837). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Id.* (citing *Farmer*, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably."). In this case, there are no allegations in the third amended complaint to support a claim that Sgt. Lawson acted outside the alleged policy and practice of the County of San Diego. There are no allegations to support a claim that that Sgt. Lawson disregarded an obvious, substantial risk to inmate health or safety, or lacked a reasonable justification for his conduct. The Court finds that the third amended complaint fails to state a Fourteenth Amendment claim against Sgt. Lawson in his personal capacity. The Court does not adopt

the Report and Recommendation as to Plaintiff's Fourteenth Amendment claims against Sgt. Lawson. (ECF No. 86 at 24: 12–15, 25:5).

### C. Eighth Amendment Claim Based on Out-of-Cell Exercise

No objections have been filed to the portions of the Report and Recommendation regarding Plaintiff's Eighth Amendment claim based on out-of-cell exercise. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to Plaintiff's Eighth Amendment Claim based on out-of-cell exercise. (ECF No. 86 at 25–26). For the reasons stated in the Report and Recommendation Plaintiff's Fourteenth Amended claim does not proceed against any individuals in their personal capacities. Plaintiff's Fourteenth Amendment claim proceeds against the County of San Diego and does not proceed against any individual defendants in their official capacities. *See Melendres*, 784 F.3d at 1260.

### D. Eleventh Amendment Immunity and Mootness

The Report and Recommendation recommends that this Court dismiss without leave to amend all claims against individual defendants in their official capacities on Eleventh Amendment immunity grounds and all claims for injunctive relief on mootness grounds, allowing only claims for damages to proceed.

For the reasons stated above, no claims against individual defendants remain. The Court does not reach issues of Eleventh Amendment immunity or mootness of injunctive relief, and declines to adopt the related portions of the Report and Recommendation. (ECF No. 86 at 26:26–28:11, 31:25–28).

### E. Leave to Amend

The Report and Recommendation recommends that this Court dismiss all John Doe defendants without discovery and without leave to amend. No objections to this portion of the Report and Recommendation have been filed. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to John Doe defendants. (ECF No. 86 at 9:5–17, 32:1–2).

8

17cv564-WQH-NLS

The Report and Recommendation further recommends that this Court dismiss individual Defendants Seely, Simms, Gardner, and De la Torre without leave to amend because Plaintiff has had several attempts to amend his pleading and identifies these defendants only with respect to excessive television volume. The Report and Recommendation further recommends that this Court dismiss the defendants allegedly on the classification committee, specifically Defendants "Lt. Smith, Sgt. Froisted; Deputy Price, Deputy Leon, Deputy Bravo, Deputy [Martinez] and Deputy Rios," without leave to amend because Plaintiff has failed to allege a Fourteenth Amendment violation with respect to these defendants despite three previous opportunities to amend. (ECF No. 86 at 25). The Report and Recommendation further recommends that this Court dismiss Defendant M.R. Mesa because Plaintiff's only allegation regarding Defendant M.R. Mesa fails to state a claim. No objections to this portion of the Report and Recommendation have been filed. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to dismissal of Defendants Seely, Simms, Gardner, De la Torre, Lt. Smith, Sgt. Froisted, Price, Leon, Bravo, Martinez, Rios, and Mesa without leave to amend. (ECF No. 86 at 15:25–16:5, 25:1–4 & n.13, 31:17–18, 21–23).

Plaintiff objects to the recommendation to dismiss without leave to amend, stating "many of the issues in contention are being contested for the first time (i.e., Eleventh Amendment Immunity and mootness of Injunctive Relief)." (ECF No. 92 at 10). The Court does not reach issues of Eleventh Amendment immunity or mootness of injunctive relief, and overrules Plaintiff's objections as moot.

### IV. CONCLUSION

IT IS HEREBY ORDERED that:

1. The Motion for joinder (ECF No. 78) is granted;
2. Plaintiff's objections (ECF Nos. 87, 90, 92) to the Report and Recommendation are overruled;

3. Defendant's objections (ECF No. 88) to the Report and Recommendation are overruled in part and sustained in part as stated herein;

4. The Report and Recommendation (ECF No. 86) is adopted in part and not adopted in part as stated herein;

5. Defendant's Motion to Dismiss (ECF No. 67) is granted in part and denied in part as stated herein;

6. Plaintiff's Eighth Amendment claims regarding conditions of confinement based on sleep deprivation are dismissed as to all defendants;

7. Plaintiff's Fourteenth Amendment claims regarding placement in administrative segregation will proceed only against the County of San Diego and are dismissed against all individual defendants;

8. Plaintiff's Eighth Amendment claims regarding denial of outdoors and out of cell exercise will proceed only against the County of San Diego and are dismissed against all individual defendants;

9. Plaintiff's claims against John Doe defendants are dismissed without discovery and without leave to amend;

10. Plaintiff's claims against Defendants Seely, Simms, Gardner, De la Torre, Lt. Smith, Sgt. Froisted, Price, Leon, Bravo, Martinez, Rios, and Mesa are dismissed without leave to amend;

11. Service by the U.S. Marshals is no longer required with respect to any unserved individual defendants.

Dated: January 8, 2019

Hon. William Q. Hayes
United States District Court