UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-564-WQH-NLS<br><br>**ORDER ON DISCOVERY DISPUTE NO. 1**<br><br>**[ECF No. 107]** |

Before the Court is plaintiff, Thomas Goolsby's ("Plaintiff") motion to compel further responses from Defendant, the County of San Diego ("Defendant"), to discovery he propounded. ECF No. 107.[1] The Court issued a briefing schedule and ordered the parties to meet and confer, and then file a notice of resolution or opposition to the motion if the parties were unable to reach agreement. ECF No. 110. The parties were able to resolve their disputes regarding Requests for Production Nos. 34, 62, and 67. ECF No. 115. Plaintiff submitted revised moving papers. ECF No. 114. Defendant timely submitted its opposition to the requests which remain in dispute: Interrogatory Nos. 3-9;

---

[1] Plaintiff filed the document titled "Joint Motion for Determination of Discovery Dispute," however the submission did not contain Defendants portions. Accordingly, the court construes the document as a motion to compel.

1

Requests for Admission Nos. 9-10; and Requests for Production Nos. 2-3, 5-12, 15, 20, 24, 26, 30-31, 33-34, 37-38, 42, 45-47, 56-57, 60-61, 63, 78-79, 81-87, and 95. ECF Nos. 116, 116-2. After due consideration and for the reasons provided in this order, the Court **denies in part and grants in part** the motion to compel.

## I. BACKGROUND

Plaintiff is a prisoner currently incarcerated at California State Prison, Corcoran, who filed this 42 U.S.C. § 1983 civil rights action, alleging violations of his constitutional rights during his stay in San Diego County Jail. Following motion practice, Plaintiff has 2 remaining claims: (1) a Fourteenth Amendment claim against the County of San Diego regarding placement in administrative segregation (*see* ECF No. 97 at 6, 10), and (2) an Eighth Amendment claim against the County based on lack of out of cell exercise (*see* ECF No. 97 at 8, 10).

## II. LEGAL STANDARDS

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist*., 312 F.R.D. 594, 603 (D. Nev.

2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id*. Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* This requires active involvement of federal judges to make decisions regarding the scope of discovery. *Id.* To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id*. How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

III. DISCUSSION

Plaintiff propounded discovery including nine Interrogatories, ten Requests for Admissions ("RFA"), and 95 Requests for Production of Documents ("RFP"). ECF No. 116 at 2.[2] Following meet and confer efforts, disputes remain for two RFAs, seven interrogatories, and 32 RFPs.

**A. Requests for Admission**

The two RFAs in dispute are similar, as are the arguments related to them and so they are addressed together. Plaintiff's requests state:

> RFA No. 9: Admit or deny you were aware Plaintiff was not receiving Outside Out-of-Cell exercise while housed at San Diego Central between December 12, 2016 and May 17, 2017.
> RFA No. 10: Admit or deny you were aware Plaintiff was not receiving Out-of-Cell exercise between February 7, 2017 and May 17, 2017 while in San Diego County Sheriff's department Custody.

---

[2] All page number references are to the page numbers appearing in the header generated by CM/ECF.

3

3:17-cv-564-WQH-NLS

Defendant represents that since the meet and confer, it has amended responses to deny both RFAs completely, including specifically denying any awareness, which was the focus of Plaintiff's initial reason to compel further responses. *See* ECF No. 116-2 at 2-3. A denial is a permissible answer pursuant to Rule 36. Plaintiff's motion to compel further responses is **denied**.

### B. Interrogatories

Plaintiff argues that Defendant failed to provide complete responses to several interrogatories. ECF No. 107, 114. Defendant counters that as phrased, the interrogatories assume facts and are otherwise argumentative, but also states that Defendant has provided amended responses that respond fully and render any dispute moot. ECF No. 116 at 5.

<u>Interrogatory No. 3</u>

Interrogatory No. 3 asks Defendant to "state why Plaintiff was not allowed to personally appear or attend classification hearings…." ECF No. 116-2 at 4. Defendant's amended response states, *inter alia,* that the "processes do not involve in person meetings, so Plaintiff was not prohibited from personally appearing." *Id.* at 5. The supplemental response appears to respond fully. Plaintiff's motion to compel further response is **denied.**

<u>Interrogatory Nos. 4 & 5</u>

Plaintiff's motion takes issue with Defendant's incorporation of business records in response to Interrogatories 4 and 5. Here, Plaintiff's Interrogatory No. 4 asks Defendant to "state every occasion plaintiff received out-of-cell exercise" between certain dates, and Interrogatory No. 5 asks the same question specific to "outside out-of-cell exercise." ECF No. 116-2 at 6, 8. Defendant responds with objections, and refers Plaintiff to documents produced. *Id.*

Reference to business records is permissible under Rule 33(d) "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and

4

if the burden of deriving or ascertaining the answer will be substantially the same for either party…." Upon reviewing some of the produced documents (*see* ECF No. 114), Plaintiff can abstract and compile the information he seeks from the documents. Plaintiff's motion to compel further responses to Interrogatory Nos. 4 and 5 is **denied**.

Interrogatory Nos. 6, 7, 8 and 9

The remaining interrogatories are as follows:

No. 6: Please State all actions you took upon becoming aware Plaintiff was not receiving any OUTSIDE out-of-cell exercise at San Diego Central Jail between December 12, 2016 and May 17, 2017.

No 7: Please State all actions you took upon becoming aware plaintiff was not receiving Out-of-cell exercise at San Diego County Sheriff's Department Custody.

No. 8: Please State the reason Plaintiff did not receive any OUTSIDE out-of-cell exercise at San Diego Central Jail between December 12, 2016 and May 17, 2017.

No. 9: Please State the reason Plaintiff did not receive out-of-cell exercise between February 07, 2017 and May 17, 2017 while in San Diego County Sheriff's Department custody.

The dispute surrounding each of these interrogatories is similar: Defendant disputes the facts assumed in each question, and in the amended responses response states:

> The Plaintiff was receiving out of cell exercise through the recreation yard and dayroom opportunities he was provided while an inmate at the Central Jail and George Bailey Detention Facility. Responding party cannot provide a further response as the facts assumed by this request are incorrect.

ECF No. 116-2 at 12, 14, 16, 18. The Court agrees with Defendant that, in light of the phrasing of the interrogatories to include the assumption that a material disputed fact, i.e., that he was not receiving out of cell exercise, is established, there are no further

responses that Defendant can provide. Plaintiff's motion to compel further responses is **denied**.

### C. Requests for Production

After review of the Joint Statement, the Court finds that the dispute is moot for the Requests for which Defendant indicates it agreed to produce documents or for which there are no further documents to produce. Accordingly, the Plaintiff's motion to compel is **denied as moot** as to RFP Nos. 15, 20, 24, 26, 30, 31, 33, 37, 56, 57, 60, 61, and 95. These RFPs are not further addressed.

<u>Employment Records</u>

Many of Plaintiff's requests seek various employment records assignments for deputies working at the Central Jail and Plaintiff argues the records are necessary to identify witnesses for deposition and/or trial. Defendant opposes, arguing that employment records and records showing day-to-day assignment of the deputies invade the privacy of the deputies and are unnecessary to the case.

Plaintiff's motion to compel further responses to all requests seeking employment or assignment records is **denied**. Plaintiff's only remaining claims are against the County, not any individual deputy and requests for employment records are disproportionate to the needs of the case, particularly in light of the representations from the County that relevant documents regarding Plaintiff's classification and access to exercise time have been produced. Accordingly, Plaintiff's motion to compel further responses to RFP Nos. 2, 3, 5, 6, 7, 8, 9, 10, and 11 is **denied.**

<u>JIMS Entries and Incident Reports</u>

RFP No. 38 requests "a copy of the (JIMS) jail Information Management System entries for Thomas Goolsby." Defendant produced some documents, and Plaintiff seeks to compel additional documents he believes are responsive, specifically, incident reports that were referenced as part of the decision for Plaintiff's placement or identified as part of the initial disclosures. ECF No. 116-2 at 34-35. Defendant responds that all relevant JIMS entries were produced and that incident reports are the subject of a separate request.

6

3:17-cv-564-WQH-NLS

Indeed, RFP No. 42 requests all "Incident Reports which mention Thomas Goolsby between December 12, 2016 and May 17, 2017." *Id.* at 36. Again, Plaintiff argues reports are missing. Defendant responds that all records were produced to Plaintiff, including all incident reports used for Plaintiff's classification or referenced in the initial disclosures.

Plaintiff concedes that most relevant documents were produced in response to RFP No. 38, identifying that he has emails, incident reports, inmate history, rec yard entries, and medical records. *Id.* at 35. To the extent he identifies missing documents, he points to "area activity reports showing each unit he was housed in" and incident reports. *Id.* at 35. There is no dispute on the units that Plaintiff was housed in, making production of potentially voluminous area activity reports disproportionate to the remaining claims. As to incident reports, they are the subject of RFP No. 42. Accordingly, Plaintiff's motion to compel further response to RFP No. 38 is **denied.**

As to incident reports requested by RPF No. 42, Defendant responds, "These records have all been produced to Plaintiff." Plaintiff's reason to compel further response identifies as missing an incident report that Defendant states does not exist.[3] In light of these representations, Plaintiff's motion to compel is **denied as moot** as to RFP No. 42.

<u>Overbroad Information</u>

Some of Plaintiff's requests are overbroad, seeking information disproportionate to the needs of the case. For example, all email from any Sheriff's Department employee that contains the name Thomas Goolsby (RFP No. 45), and between any Sheriff's Department employee and any CDCR employee (RFP No 46), and any memorandum that mentions his name (RFP No. 47). A search of every employee's email is both overbroad and disproportionate to the needs of the case. Defendant represents that Plaintiff has

---

[3] Plaintiff identifies Incident Report "#174010049, (see Ex. C)." ECF No. 116-2 at 36. Exhibit C, as attached to Plaintiff's motion, is a copy of Defendant's initial disclosures and the Court finds no reference to the incident report number provided. ECF No. 107 at 103-110.

since issued requests that are more tailored. ECF No. 116-2 at 38, 40. As to memoranda, Plaintiff argues there may be classification decision information. Defendant represents it has produced all identifiable documents regarding the Plaintiff's classification such that the request for all "memorandums" is vague. Without any belief that there may be documents withheld, this request is also overbroad.

Accordingly, the motion to compel further responses is **denied** as to RFP Nos. 45 46, and 47.

Grievances

Plaintiff requests the grievances filed by other inmates regarding placement in segregated housing or concerning out-of-cell exercise. RFP Nos. 78, 79; ECF No. 116-2 at 48, 50. RFP No. 78 asks Defendant to:

> Please produce all Grievance Reports filed by inmates in the custody of San Diego County Sherriff's Department that concern being housed in Segregated Housing between May 17, 2012 and May 17, 2017.

This request is overbroad. The request is not tailored to inmates in San Diego Central Jail or George Bailey, the two locations where Plaintiff was housed, or the time period Plaintiff was housed there. Accordingly, the request is disproportionate to the needs of the case. Plaintiff's motion to compel further responses is **denied**.

RFP No. 79 asks Defendant to:

> Please produce all Grievance reports filed by inmates housed at San Diego Central Jail concerning out-of-cell exercise between May 17, 2012 and May 17, 2017.

Plaintiff's requests as to grievances regarding out of cell exercise are specific to a single location. However, a five-year period is not proportional to the needs of the case and this request affects the privacy of other inmates. Nonetheless, the request seeks relevant information. Accordingly, Defendant is ordered to search for and produce responsive documents limited to the time period of December 12, 2016 to May 17, 2017

8

and may redact inmate names and identifying information to protect inmate privacy. Plaintiff's motion to compel is **granted in part.**

### Third Party Privacy

RFP Nos. 81-87 request the names of every inmate housed in certain modules. RFP Nos. 81-87. Plaintiff's requests for the names of every other inmate housed in the modules where he was housed are disproportionate to the needs of the case and impact the privacy of other inmates. Plaintiff's motion to compel is denied as to RFP Nos. 81-87.

### Remaining Requests

RFP No. 12: Plaintiff moves to compel further production in response to RFP No. 12, which requests:

> Please produce a complete copy of the San Diego County Sherriff's Department Policy and Procedures Manual as required pursuant to CCR Title 15 § 1029 and in effect between December 12, 2016 and May 17, 2017.

Plaintiff argues that the production was incomplete because the "Detentions Operational Manual," "Internal Affairs Operational Manual," and "Training Operations Manual" are missing. Defendant responds that no sections are missing and the additional documents sought are separate and distinct manuals.

The Internal Affairs Operational Manual and Trainings Operational Manual have no demonstrable relevance to the current action. As to the Detentions Operational Manual, it does not fall within the scope of this RFP, nor is there any mention of "Detentions" within the California Code of Regulations, Title 15 § 1029. The Plaintiff's motion to compel further response to RFP No. 12 is **denied.**

RFP No 34: "Please produce all reports issued by the County Advisory Committee on Adult Detention issued pursuant to California Penal Code §4304 concerning San Diego Central Jail and George Bailey Detention Facility within the last three years."

Plaintiff argues any such reports are necessary to show the County's awareness of issues with exercise deprivation and due process violations. Defendant argues that the

9

information contained in any such reports is irrelevant and overbroad in light of the only two remaining claims regarding exercise and due process for placement. Defendant further argues there is no "County Advisory Committee on Adult Detention."

The Court finds that Plaintiff's reference to Cal. Penal Code § 4304 removes any ambiguity about the reports which he requests. Further, Cal. Penal Code § 4305 indicates the reports are to "be concerned with the conditions of inmate employment, detention, care, custody, training, and treatment on the basis of, but not limited to, the minimum standards established by the Board of Corrections." Plaintiff's two remaining claims are within the ambit of "conditions of detention" and "treatment within the minimum standards established by the Board of Corrections." Finally, Cal. Penal Code § 4304 indicates reports are made annually, so Plaintiff's request should include 3 reports and is not overbroad. Plaintiff's motion to compel is **granted in part**. To the extent the reports may be lengthy or contain irrelevant information, Defendant may produce only those sections that address exercise/recreation/yard time and placement/classification, and may redact any confidential information.

RFP No. 63: Plaintiff seeks "all documents" that "describe the inmate exercise facilities at San Diego Central Jail…." Plaintiff argues that a written description is important because it will describe the facilities as "indoor." ECF No. 116-2 at 47. Defendant indicates that it is unwilling to produce a diagram of the facilities. This is reasonable. However, it does not preclude production of other documents containing a description of the facilities. Defendant is to conduct a reasonable search for other documents containing a written description of the inmate exercise facilities and produce responsive documents. If the only document containing a written description are a diagram of the facilities, Defendant must so state. Plaintiff's motion to compel is **granted in part** as to this request.

///
///
///

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion is **granted in part and denied in part.** Where required, Defendants shall produce documents within 14 days of this order.

**IT IS SO ORDERED**.

Dated: June 25, 2019

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge