UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>                       Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                      Defendants. | Case No.: 3:17-cv-564-WQH-NLS<br><br>**ORDER ON PLAINTIFF'S EX PARTE MOTION FOR COPY SERVICE, LAW LIBRARY ACCESS, TELEPHONE ACCESS, ETC.**<br><br>**[ECF No. 121]** |

      Thomas Goolsby ("Plaintiff"), a prisoner proceeding *pro se* and currently housed at George Bailey Detention Center, filed this 42 U.S.C. § 1983 civil rights action, alleging violations of his constitutional rights during his stay in San Diego County Jail. Before the Court is Plaintiff's ex parte application for "Copy Service, Law Library Access, and SDCJ Housing and Change of Address." ECF No. 121. Plaintiff titles his application as an "emergency."

      Plaintiff asks the Court for several forms of relief. First, he requests an order that Defendants provide Plaintiff with a copy service at Plaintiff's own expense or alternatively, relieve Plaintiff of his duty to serve copies and a proof of service for his filings. ECF No. 121 at 3. Second, Plaintiff requests an order granting him access to a

1

law library for 3-5 hours a week. *Id.* Third, Plaintiff requests an order giving him access to a telephone at "anytime Monday through Friday during normal business hours, 9:00 a.m. to 5:00 p.m." *Id.* at 4. Finally, Plaintiff requests an order transferring him back to the San Diego Central Jail for the purposes of completing a deposition noticed for June 27, 2019. *Id.*

As to transfer for the purposes of deposition, that request is **denied as moot.** Defendant has represented it will "arrange a room at George Bailey Detention Facility for the deposition, and that Plaintiff be brought to that room so long as he is still in County custody…" for the purposes of a deposition. ECF No. 122 at 2.

The Plaintiff's requests for copy service and phone service are also **denied.** Plaintiff does not provide any legal authority for these requests. Generally, "[t]he day-to-day operation of state prisons is not the business of federal judges." *Lucero v. Russell*, 741 F.2d 1129, 1130 (9th Cir. 1984). In this case, numerous practical considerations factor into prison operations and the Court is not in a position to direct when and how time should be structured or what services are available and when.

Finally, Plaintiff's request regarding law library access is **denied.** Inmates do not have an "abstract, freestanding right to a law library"—such access is only a means for ensuring access to courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. *Id.* An actual injury is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* Here, Plaintiff only identifies a theoretical injury based on lack of law library access, specifically that "*If* Plaintiff is forced to rely on such and inadequate system Plaintiff will need six months to draft or oppose a motion." ECF No. 121 at 3 (emphasis added). Plaintiff fails to identify an actual injury. Moreover, the right of access to courts does not include the right to "*discover* grievances or to *litigate effectively*

once in court." *Lewis* 518 U.S. at 354 (emphasis in original) ("These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them."); *see also Hoffman v. Hennessey*, No. 09-cv-1777-MHP, 2009 WL 3756628, at *3 (N.D. Cal. Nov. 6, 2009).

**IT IS SO ORDERED.**

Dated: June 26, 2019

Hon. Nita L. Stormes
United States Magistrate Judge