UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

THOMAS GOOLSBY,

Plaintiff,

v.

COUNTY OF SAN DIEGO, et al.,

Defendants.

Case No.: 3:17-cv-564-WQH-NLS

**ORDER ON DISCOVERY DISPUTE NO. 2**

**[ECF No. 128]**

Before the court is plaintiff Thomas Goolsby's ("Plaintiff") motion to compel further responses from Defendant, the County of San Diego ("Defendant"), to discovery he propounded as "Set Three" and "Set Four." ECF No. 128. The court issued a briefing schedule and ordered the parties to meet and confer, and then file a notice of resolution or opposition to the motion if the parties were unable to reach agreement. ECF No. 130. The parties filed a notice indicating they were able to resolve their disputes for several items. ECF No. 132. This notice identified as remaining in dispute five individual requests from Set Three, and one issue regarding 11 requests from Set Four. *Id.* Defendant timely submitted its opposition to the requests that remain in dispute. ECF No. 133. Plaintiff did not submit a reply brief. *See* ECF No. 130 (providing until August 12, 2019 for Plaintiff to submit a reply; as of the date of this order, no reply has been received). Accordingly, this order addresses only the items identified as remaining in

dispute. ECF Nos. 132, 133. After due consideration and for the reasons provided in this order, the court **denies** the motion to compel.

## I. BACKGROUND

Plaintiff is a prisoner currently incarcerated at California State Prison, Corcoran, who filed this 42 U.S.C. § 1983 civil rights action, alleging violations of his constitutional rights during his stay in San Diego County Jail. Following motion practice, Plaintiff has 2 remaining claims: (1) a Fourteenth Amendment claim against the County of San Diego regarding placement in administrative segregation (*see* ECF No. 97 at 6, 10), and (2) an Eighth Amendment claim against the County based on lack of out of cell exercise (*see* ECF No. 97 at 8, 10).

## II. LEGAL STANDARDS

Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Once the propounding party establishes that the request seeks relevant information, "[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009); *see Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (requiring defendants "to carry heavy burden of showing why discovery was denied").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.* Discovery and Rule

2

26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* This requires active involvement of federal judges to make decisions regarding the scope of discovery. *Id.* To the extent that the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive," the court is directed to limit the scope of the request. Fed. R. Civ. P. 26(b)(2). Limits should also be imposed where the burden or expense outweighs the likely benefits. *Id.* How and when to so limit discovery, or to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," remains in the court's discretion. Fed. R. Civ. P. 26(c)(1).

## III. DISCUSSION

Plaintiff propounded discovery, Sets Three and Four. Pursuant to the Notice of Partial Resolution and Defendant's opposition, only the following items remain in dispute:

- Set Three: Special Interrogatory No. 22, Request for Production No. 142; and Requests for Admission Nos. 22, 23, and 25
- Set Four: Requests for Production Nos. 173-183 on the issue of searching personal devices of County employees.

### A. Set Three

Interrogatory No. 22 and Request for Production No. 142

Both Interrogatory No. 22 and RFP 142 seek further information and documents related to a notation that appears on a document Defendant produced that states Plaintiff was "involved in stabbing [inmate]." ECF No. 133-1 at 8, 16.[1] Defendant's initial responses stated that the information Plaintiff references in his request has since been redacted;[2] and was not used in the Plaintiff's classification decision in 2016: "it was a

---

[1] All page references are to the pagination provided in the CM/ECF generated headers.
[2] Defendant did not redact the name in opposition and exhibits to this discovery dispute.

carryover note … removed on 12/13/16 and subsequently replaced with notes reflecting the basis for Plaintiff's classification…." ECF No. 133-1 at 8, 16-17. The amended responses reiterate that the note was not relied on when Plaintiff was classified, adding that the information requested is not relevant to the case and that the production of the requested documents could "jeopardize institutional security and compromise criminal investigations." *Id.* at 8-9, 17.

Plaintiff challenges that the entry could be a carry over note, but then concludes that "Defendant's [sic] should be compelled to state the allegation was not, will not be used to classify, house, or restrict Plaintiff in any way." *Id.* at 9-10.

Plaintiff's desire to extract assurances regarding future classifications is not a valid reason to reason to compel a further response. Future classifications are not the subject of this litigation and are not a proper reason to compel further response or production of documents related to an incident for which Plaintiff's own submission makes clear he already possesses the relevant RVR. *See* ECF No. 128 at 141-142 (serious RVR for 2009 battery of inmate attached to Plaintiff's motion).

To the extent Plaintiff seeks confirmation that this notation was not used in his classification in 2016, Defendant has stated in its responses (*see* ECF No. 128 at 92; ECF No. 133-1 at 8) and in its amended/supplemental responses (*see* ECF No. 133-1 at 8-9), that the notation was not considered in Plaintiff's classification that is the subject of the pending litigation. Under Rule 33, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(3). Accordingly, Plaintiff should already have the information he desires as to past classifications, and Defendant's verified responses stating that this notation was not considered renders any further response or production irrelevant and disproportionate to the needs of the case. However, the responses attached to Plaintiff's motion indicate "verification to follow." ECF No. 128 at 94. The amended responses appear in the Joint Statement submitted by Defendant but are not attached. Accordingly, Defendant is instructed to **LODGE** the verifications to the interrogatory and amended interrogatory

responses for the court's review within 3 business days of this order. Plaintiff's motion to compel further responses is **DENIED**.

In addition, Defendant's belated redaction of an inmate name in documents produced to Plaintiff is inconsistent with the unredacted references to this inmate made in relation to this motion. This name should be redacted from court filings. Accordingly, Defendant's Opposition (ECF No. 133), Joint Statement (ECF No. 133-1), and Notice of Lodgment and Exhibits thereto (ECF No. 133-2) are all hereby **STRICKEN** from the record. Defendant shall refile the documents with appropriate redactions within 3 business days of this order.

Requests for Admission Nos. 22, 23, and 25

Plaintiff challenges Defendant's response to three specific RFAs.

RFA No. 22 asks Defendant to admit Plaintiff was not found guilty of the allegations of an incident and related RVR. ECF No. 133-1 at 2. The incident report in question summarizes that during razor pick up a blade was missing from the razor that Plaintiff returned. ECF No. 133-2 at 4. Deputies searched the cell and located 2 blades. *Id.* As a result Plaintiff was put on razor restriction. *Id.*

Defendant's response and amended response to the RFA make clear that the incident report recommended razor restriction, apparently resolving the matter and so, no hearing was held. Plaintiff argues that without a hearing, he could not be found guilty and requests the court deem the RFA admitted. The court declines to do so. The Defendant's response is complies with Rule 36. Moreover, the relevance of this RFA to the case is tenuous at best. Plaintiff's motion to compel is **DENIED**.

RFA No. 23 requests Defendant admit Plaintiff was never found guilty of another, separate, incident report and related RVR. ECF No. 133-1 at 4. This incident relates to a search of Plaintiff's cell that found pruno and other items (extra clothes and a questionable object). ECF No. 133-2 at 8. The report does not indicate a hearing was conducted. *Id.*

As before, Defendant's response and amended response indicate there was no hearing conducted and so no "finding" which would result from a rule violation hearing, and denies the remainder of the request. Defendants' response complies with Rule 36. Plaintiff's motion to compel is **DENIED**.

RFA No. 25 asks the Defendant to "[a]dmit or deny the San Diego County Sheriff's Department followed the Exercise Programs and Yard Schedule listed in the SDSD Detentions Services Bureau-San Diego Central Jail Green Sheets (CSD000376)." ECF No. 133-1 at 6. Defendant's initial response is "Unable to admit or deny. The exercise schedule is a guideline that may be modified due to institutional demands and limitations." ECF No. 133-1 at 6. The amended response adds objections to address ambiguities in the request such as, the phrasing that applies to the entire Sheriff's department, not just the facility where Plaintiff was housed; and the request being unbound by time, and the unclear nature of the use of "follow" as to seeking an admission that there is a "perfect correlation" between the proposed schedule and actual yard time. The amended response denies the entire Sheriff's department "follows" the schedule, noting each facility has a different schedule, and continues it cannot admit or deny the request as phrased.

Plaintiff argues that the Defendants should be compelled to answer because the "Plaintiff's RFA asked about an event that occurred in the past." Reviewing Plaintiff's request, it is not about an event that occurred in the past. Plaintiff's request does not provide any specific date or date range. Plaintiff's request asks for an admission about general practices. The Defendant correctly responds that it is unable to admit or deny the request as phrased, and responds to the extent it can. Defendant's response to the request as phrased satisfies Rule 36. Plaintiff's motion to compel is **DENIED**.

## B. Set Four: Employees' Personal Devices

The only issue raised with respect to Set Four, Requests for Production Nos. 173-183, is the search of Defendant's employees' personal devices. Plaintiff argues that because deputies carry and use personal devices at work, that they may contain messages

that document the verbal complaints Plaintiff made to deputies.  ECF No. 133-1 at 32.

Plaintiff submits "[t]here is simply no other way to obtain this information."  *Id.*  Plaintiff

also challenges Defendant's assertion of attorney-client privilege.[3]  *Id.*  The reasons to

compel are similar, if not identical, for each of the remaining Requests, Nos. 174-183.

Defendant responds that the deputies' personal devices are not within the

possession, custody, or control of the County.  ECF No. 133 at 6.  The County represents

that in addition to a search of business records and emails, it asked the affected

employees to independently search "county owned devices such as cell phones and

computers" and that Plaintiff was provided all responsive documents.  *Id.*

"[F]ederal courts have consistently held that documents are deemed to be within

the 'possession, custody or control' for purposes of Rule 34 if the party has *actual*

possession, custody or control, or has the legal right to obtain the documents on demand."

*In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis in original).  The

burden of establishing control over the documents sought is on the party seeking

production.  *United States v. Int'l Union of Petroleum & Indus. Workers,* 870 F.2d 1450,

1452 (9th Cir.1989); *Bryant v. Armstrong*, 285 F.R.D. 596, 607 (S.D. Cal. 2012); 7 James

Wm. Moore et al., *Moore's Federal Practice,* § 34.14[2][b], at 34–77.

While Federal courts are divided on what circumstances render an employee's

personal device subject to the "possession, custody, and control" of its employer,

generally the plaintiff must show that personal devices were used for business purposes.

*See Stinson v. City of New York*, 10 CIV. 4228 (RWS), 2016 WL 54684, at *5 (S.D.N.Y.

Jan. 5, 2016) (noting divide and citing cases); *Cotton v. Costco Wholesale Corp.*, 12-

2731-JW, 2013 WL 3819974, at *6 (D. Kan. July 24, 2013) (denying discovery for

employee text messages and emails where not issued by employer or used for business

---

[3] Defendant's response makes clear that the documents for which attorney-client privilege was asserted were created after the litigation of this matter commenced.  ECF No. 133-1 at 31 ("they are emails to and from staff…regarding this litigation.").  This is a proper assertion of attorney-client privilege and work product protections that need not be further addressed.

purposes).  The circumstances of Plaintiff's request are nearly identical to those presented in *Cotton v. Costco,* where the court found that the employer did not have a legal right to obtain text messages: "Mr. Cotton does not contend that Costco issued the cell phones to these employees, that the employees used the cell phones for any work-related purpose, or that Costco otherwise has any legal right to obtain employee text messages on demand." *Id.*

Here, Defendant already searched and produced relevant documents that were on government issued devices.  In addition, Plaintiff can only offer his own speculation that deputies use their personal devices while at work; there is no evidence that the use of personal devices was for "business purposes."   Finally, the County represents that it asked its employees to search for relevant and responsive documents and produced what was provided.  *See Alter v. Rocky Point Sch. Dist.*, No. 13 Civ. 1100, 2014 WL 4966119, at *10 (E.D.N.Y. Sept. 30, 2014) (holding employees should preserve evidence on personal devices).  Plaintiff fails to meet his burden showing that County has sufficient control over employees' personal devices to require more than what the County has already requested and produced.  Under these circumstances, there is nothing left to compel.  Plaintiff's motion is **DENIED.**

///

///

///

///

///

///

///

///

///

///

///

8

## IV.   CONCLUSION

Plaintiff's motion to compel further responses is **DENIED**.  Defendant is instructed to **LODGE** the verifications to the Set Three interrogatory and amended interrogatory responses for the court's review within 3 business days of this order. Defendant's Opposition (ECF No. 133), Joint Statement (ECF No. 133-1), and Notice of Lodgment and Exhibits thereto (ECF No. 133-2) are all hereby **STRICKEN** from the record;  Defendant shall refile these documents with appropriate redactions within 3 business days of this order.

**IT IS SO ORDERED.**

Dated:  August 19, 2019

Hon. Nita L. Stormes
United States Magistrate Judge