UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-564-WQH-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE MOTION FOR EXTENSION ON DEADLINE TO FILE REPLY TO MOTION FOR SUMMARY JUDGMENT AND MOTION TO VACATE SCHEDULING ORDER;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION TO FILE MSJ OPPOSITION, APPOINTMENT OF COUNSEL, OR IN THE ALTERNATIVE, ORDER DIRECTING DEFENDANT TO PROVIDE PLAINTIFF WITH HIS LEGAL PROPERTY**<br><br>**[ECF Nos. 139, 140]** |

Before the Court are two related motions: (1) Defendants' *ex parte* motion to extend their time to file a reply to their pending motion for summary judgment ("MSJ") and to vacate the mandatory settlement conference date and other pending pretrial deadlines and (2) Plaintiff's *ex parte* motion for a 60 day extension to file his opposition to Defendants' MSJ and for appointment of counsel, or in the alternative, for an order directing Defendants to provide him with his legal property. ECF Nos. 139, 140. The Court will address each in turn.

## I. Plaintiff's Motion

The Court will first address Plaintiff's motion. He requests a 60-day extension because he is no longer in possession of his legal papers that he claims he needs to oppose Defendants' motion. ECF No. 140. Plaintiff states that he was recently sentenced in his criminal case, and had all his legal papers with him at that time. *Id.* at 2. However, all his papers were confiscated and despite his attempts to get them back, he has not been able to do so at the time of his motion. *Id.* He claims that Defendant, County of San Diego, has his legal property because he was in their custody when he was sentenced. *Id.* He requests that the Court grant him a 60-day continuance to oppose the MSJ and to be appointed counsel to represent him. *Id.* at 3. Alternatively, he requests that the Court order Defendant to return his property to him. *Id.*

Defendants respond that they do not oppose the extension request. ECF No. 141 at 1. However, they do oppose the request for counsel. Defendants state, with supporting evidence, that Plaintiff did come to his sentencing hearing with a red suitcase and plastic container he claimed contained his legal papers. *Id.* at 2. These were considered bulk materials and thus, he was not allowed to bring them into jail per Sheriff's Department policy. *Id.*; *id.* Exs. A, B. Per the incident report, however, a Sergeant told Plaintiff that he could have a family member pick the materials up and Plaintiff provided the contact information of both his mother and his wife. *Id.* Ex A. The incident report stated that his mother was called and she picked his belongings at the Hall of Justice. *Id.* Defendants submit a form titled "Safekeeping Property Notification and Release Form," which

appears to have Plaintiff's mother's signature at the bottom, along with a notation "mother picked up." *Id.* Ex. C. Defendants also submit a security camera capture from September 19, 2019 of a woman exiting the lobby at the Hall of Justice, with a suitcase and bin materials, they claim to be Plaintiff's mother. *Id.* Ex D. Thus, Defendants argue that Plaintiff's mother has his legal property now, presumably can get it to him, and there are no exceptional circumstances requiring appointment of counsel. *Id.* at 3.

In light of the evidence presented on this issue, the Court finds that the most appropriate resolution is for Plaintiff to obtain his legal materials from his mother directly to oppose the summary judgment motion. Plaintiff's motion makes no mention of his legal materials being with his mother, and does not identify any hardships with obtaining them from her now that they are in her possession. The Court will **GRANT** Plaintiff a 60-day extension to file his opposition to Defendants' motion for summary judgment. Plaintiff shall file his opposition to Defendants' motion by no later than **December 6, 2019**. Defendants shall file their reply by no later than **December 20, 2019**.

The Court **DENIES** the request for appointment of counsel at this time. Courts have discretion to request that an attorney represent indigent civil litigants only upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, Plaintiff does not make an adequate showing under either prong. His focus is instead on not having possession of his legal papers, which the Court has already addressed above. With the extension that the Court has given him on his opposition and his legal papers being in his mother's possession, appointment of legal counsel is not appropriate at this time.

## II. Defendants' Motion

In Defendants' motion, they request an extra few days extension, from October 11 to October 16, 2019, to file their reply to their motion for summary judgment due to a federal holiday. ECF No. 139 at 1-2. This request is moot in light of the extension given above to Plaintiff's opposition. Defendants also request, in light of the pending motion for summary judgment, that the mandatory settlement conference date and other pretrial dates be vacated, pending a decision on the motion, in order to conserve resources. *Id.* at 2-3.

Good cause appearing, the Court **GRANTS** this request and **ORDERS** that the mandatory settlement conference set for October 16, 2019 and all remaining pretrial dates as set forth in the First Amended Scheduling Order (ECF No. 111) are hereby **VACATED**, to be reset as necessary pending a decision on Defendants' motion for summary judgment.

## III. Conclusion

Thus, in summary, the Court **ORDERS** as follows:

(1) Plaintiff's request for an extension of time to oppose Defendants' motion for summary judgment is **GRANTED**. Plaintiff shall file his opposition to Defendants' motion by no later than **December 6, 2019**. Defendants shall file their reply by no later than **December 20, 2019**.

(2) Plaintiff's request for appointment of legal counsel is **DENIED**.

//
//
//
//
//
//
//

(3) Defendants' request to vacate dates is **GRANTED**.  The mandatory settlement conference set for October 16, 2019 and all remaining pretrial dates as set forth in the First Amended Scheduling Order (ECF No. 111) are hereby **VACATED**, to be reset as necessary pending a decision on Defendants' motion for summary judgment

**IT IS SO ORDERED.**

Dated: October 9, 2019

Hon. Nita L. Stormes
United States Magistrate Judge