UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br> Defendants. | Case No.: 3:17-cv-00564-WQH-NLS <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Re-taxation of Costs filed by Plaintiff Thomas Goolsby. (ECF No. 183).

**PROCEDURAL HISTORY**

On March 21, 2017, Plaintiff Thomas Goolsby, a state inmate proceeding pro se, commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 against 11 named Defendants. (ECF No. 1). On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). (ECF No. 2). On June 27, 2017, the Court granted Plaintiff's Motion for Leave to Proceed IFP; dismissed some of the causes of action in Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and granted Plaintiff 45 days leave to either notify the Court of his intention

to proceed with only his Eighth Amendment claims or file an amended complaint. (ECF No. 4).

On August 11, 2017, Plaintiff filed an Amended Complaint against 46 named Defendants. (ECF No. 9). On December 14, 2017, the Court dismissed some of the causes of action in Plaintiff's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and granted Plaintiff 45 days leave to either notify the Court of his intention to proceed with only his Eighth Amendment claims against Defendant County of San Diego ("County") and Defendant William Gore in his official capacity or file an amended complaint. (ECF No. 11).

On January 8, 2018, Plaintiff filed a Second Amended Complaint ("SAC") against 45 named Defendants. (ECF No. 12). On April 10, 2018, the Court dismissed some of the causes of action in Plaintiff's SAC for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and granted Plaintiff 45 days leave to either notify the Court of his intention to proceed with only his Eighth Amendment claims against Defendant County and Defendant William Gore in his official capacity and his Fourteenth Amendment claims against Defendant Lawson or file an amended complaint. (ECF No. 14).

On April 23, 2018, Plaintiff filed a Third Amended Complaint ("TAC") against Defendants County; William Gore; Roderick Smith; Lawson; Leon; Price; Bravo; Martinez; Rios; Froisted; K. Kamoss; Lovelace; Goings; Brewer; Johns; Navarro; Fowler; Seely; Simms; Gardner; De La Torre; Oliver; Cole; McKenny; Cerda; Warren; Stratton; Epps; Mondragon; Barrios; Camalleri; J.D. Williams; Moon; Gallegas; Bullock; Vargas; Zepeda; F. Gonzales; White; Ramos; De La Cruz; Huerta; M. Ellsworth; Bass; Olsen; Mendoza; Agnew, and John Doe Deputies. (ECF No. 15). Plaintiff brought the follow three causes of action: (1) denial of due process in violation of the Fourteenth Amendment regarding Plaintiff's solitary confinement, (2) sleep deprivation in violation of the Eighth Amendment, and (3) denial of outdoor exercise in violation of the Eighth Amendment. *See id*. at 26-27. Plaintiff sought injunctive relief, declaratory relief, compensatory and punitive damages, and "[a]ny and all other relief the [C]ourt deems just and proper." *Id*.

at 32.  On May 2, 2018, the Court directed the U.S. Marshall to effect service of the summons and TAC.  (ECF No. 16).

On July 6, 2018, Defendants County; William Gore; Jerome Agnew; Frank Bass; Carl Brewer; Matthew Ellsworth; Fermin Gonzalez; Karl Kamoss; Michael Lawson; Marcus Mesa; Francis Mondragon; Jin Moon; Anthony Oliver; Christopher Simms; Rodrick Smith; Curtis Stratton; and Jeffery Williams filed a Motion to Dismiss Plaintiff's TAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike portions of Plaintiff's TAC pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 67).  On July 18, 2018, Plaintiff filed a Motion for Leave to File Discovery.  (ECF No. 74).  On July 26, 2018, Defendants Jesse Johns; Joshua Price; and Hans Warren filed a Motion for Joinder to Defendants' Motion to Dismiss Plaintiff's TAC and Motion to Strike portions of Plaintiff's TAC.  (ECF No. 78).

On September 26, 2018, the magistrate judge issued a Report and Recommendation granting in part and denying part Defendants' Motion to Dismiss Plaintiff's TAC; denying Defendants' Motion to Strike portions of Plaintiff's TAC; and granting in part and denying part Plaintiff's Motion for Leave to File Discovery.  (ECF No. 86).  On October 9, 2018; October 23, 2018; and October 26, 2018; Plaintiff filed Objections to the Report and Recommendation.  (ECF Nos. 87, 90, 92).  On October 12, 2018, Defendants filed an Objection to the Report and Recommendation.  (ECF No. 88).  On January 8, 2019, the Court issued an order stating, in relevant part,

> IT IS HEREBY ORDERED that:
> 1. The Motion for joinder (ECF No. 78) is granted;
> 2. Plaintiff's objections (ECF Nos. 87, 90, 92) to the Report and Recommendation are overruled;
> 3. Defendant's objections (ECF No. 88) to the Report and Recommendation are overruled in part and sustained in part as stated herein;
> 4. The Report and Recommendation (ECF No. 86) is adopted in part and not adopted in part as stated herein;
> 5. Defendant's Motion to Dismiss (ECF No. 67) is granted in part and denied in part as stated herein;

    6.   Plaintiff's Eighth Amendment claims regarding conditions of confinement based on sleep deprivation are dismissed as to all defendants;
    7.   Plaintiff's Fourteenth Amendment claims regarding placement in administrative segregation will proceed only against the County of San Diego and are dismissed against all individual defendants;
    8.   Plaintiff's Eighth Amendment claims regarding denial of outdoors and out of cell exercise will proceed only against the County of San Diego and are dismissed against all individual defendants;
    9.   Plaintiff's claims against John Doe defendants are dismissed without discovery and without leave to amend;
    10.  Plaintiff's claims against Defendants Seely, Simms, Gardner, De la Torre, Lt. Smith, Sgt. Froisted, Price, Leon, Bravo, Martinez, Rios, and Mesa are dismissed without leave to amend;
    11.  Service by the U.S. Marshals is no longer required with respect to any unserved individual defendants.

(ECF No. 97 at 9-10).

On January 22, 2019, Defendant County filed an Answer to Plaintiff's TAC. (ECF No. 98).

On August 26, 2019, Defendant County filed a Motion for Summary Judgment or, in the alternative, Partial Summary Judgment. (ECF No. 137). On February 18, 2020, the magistrate issued a Report and Recommendation granting in part and denying part Defendant County's Motion for Summary Judgment. (ECF No. 154). On March 12, 2020 and March 24, 2020, Plaintiff filed Objections to the Report and Recommendation. (ECF Nos. 157, 162). On March 17, 2020, Defendant County filed an Objection to the Report and Recommendation. (ECF No. 158). On April 6, 2020, the Court issued an order stating, in relevant part,

> IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 154) is ADOPTED in part and NOT ADOPTED in part. Plaintiff's Objections (ECF Nos. 157, 162) are OVERRULED. Defendant's Objection (ECF No. 158) is SUSTAINED. The Motion for Summary Judgment filed by Defendant County of San Diego (ECF No. 137) is GRANTED. . . . The Clerk of the Court shall enter judgment in favor of Defendant County of San Diego and against Plaintiff Thomas Goolsby. The Clerk of the Court shall close this case.

(ECF No. 166 at 14). On April 7, 2020, the Clerk of the Court entered judgment "in favor of Defendant County of San Diego and against Plaintiff Thomas Goolsby." (ECF No. 167 at 1).

On April 20, 2020, Plaintiff filed a Notice of Appeal. (ECF No. 170).

On April 21, 2020, Defendant County filed a Bill of Costs. (ECF No. 168). On July 9, 2020, Plaintiff filed an Objection the Defendant County's Bill of Costs. (ECF No. 178). On July 22, 2020, Plaintiff filed a Motion to Re-Tax Costs. (ECF No. 179). On August 13, 2020, the Court denied Plaintiff's Motion to Re-Tax Costs as prematurely filed. (ECF No. 181). On August 14, 2020, the Clerk of the Court taxed costs in the amount of $1,465.94 against Plaintiff. (ECF No. 182). On August 26, 2020, Plaintiff filed a Motion for Re-taxation of Costs. (ECF No. 183). On August 31, 2020, Defendant County filed a Response in opposition. (ECF No. 184).

## CONTENTIONS OF THE PARTIES

Plaintiff contends that this Court should deny the bill of costs on the grounds that his lawsuit against Defendant County was of substantial public importance. Plaintiff contends that the issues raised in the lawsuit were close and difficult to decide. Plaintiff contends that granting the bill of costs would have a chilling effect on future similar actions. Plaintiff contends that he has limited financial resources and that the economic disparity between him and Defendant County is great. Plaintiff objects to the awarding of costs for subpoenaing Plaintiff's records from the California Department of Corrections and Rehabilitation ("CDCR") because the case had nothing to do with the CDCR and was solely about Plaintiff's conditions of confinement in San Diego County Jail. Plaintiff objects to the awarding of costs for audio transcription of Plaintiff's deposition of Frankie Leon and Ernie Mendoza because the costs were unreasonable and unnecessary for litigation.

Defendant County contends that the grounds raised by Plaintiff are insufficient to relieve him of his presumptive obligation to pay costs to Defendant County as the prevailing party. Defendant County contends that Plaintiff has failed to allege sufficient

facts to demonstrate that this was a close case. Defendant County contends that no chilling effect will result from awarding recoverable costs to Defendant County. Defendant County contends that Plaintiff's indigence does not excuse him from being assessed relatively minor costs. Defendant County contends that the costs to subpoena Plaintiff's records from the CDCR and the costs of the audio recordings were properly taxed. Defendant County contends that it is entitled to recover both costs as the prevailing party.

## LEGAL STANDARD

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)[(1)] creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). In other words, "[b]y its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis . . . ." *Id*. at 1248 (citation omitted).

## DISCUSSION

### I. The Substantial Public Importance of the Case

Plaintiff contends that he "was an inmate in the custody of the San Diego Sheriff's Department and subjected to harsh and debilitating conditions of confinement, including but not limited to solitary confinement, denial of outside and out-of-cell exercise and sleep deprivation." (ECF No. 183 at 1-2). Plaintiff contends that "the challenge to alleged unjust and horrific police mistreatment is of upmost public importance." *Id*. at 2.

|   |   |
|---|---|
| 1 | The Court of Appeals has found that "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016).  The Court concludes that this civil rights case involves matters of substantial public importance, which weighs against awarding costs to Defendant County.  *See e.g.*, *Aguilar v. City of Los Angeles*, No. CV 17-4382-CBM-(MRWx), 2020 WL 2573468, at *2 (C.D. Cal. Mar. 4, 2020) ("Plaintiffs alleged the defendant officers used excessive force and failed to protect the decedent while he was in custody.  Plaintiffs also asserted a supervisory claim pursuant to § 1983 against Defendant Hudlett, and a *Monell* claim against the City of Los Angeles.  Therefore, this civil rights case involves matters of substantial public importance, which weighs against awarding costs to Defendants."). |

## II.  The Closeness and Difficulty of the Issues in the Case

Plaintiff asserts that "when the defendants moved to dismiss plaintiff's claims for sleep deprivation the magistrate sided with plaintiff and hel[d] in her report and recommendation that plaintiff's sleep deprivation claim should NOT be dismissed." (ECF No. 183 at 2). Plaintiff asserts that "[t]his was unfortunately overruled by the District judge William Q. Hayes." *Id*. Plaintiff asserts that "when defendant[]s moved for summary judgement on plaintiff's due process and exercise claims the magistrate judge found defendant[]s failed to even meet their initial burden of proving they were entitled to judgement as a matter of law." *Id*. Plaintiff asserts that "the District Judge, who cited no reason or rationale for disagreeing with the magistrate judge overruled her again and granted defendant's motion for summary judgement." *Id*. Plaintiff contends that "[t]his was a close case and could easily have gone either way . . . ." *Id*. Defendant County contends that the fact that the District Court disagreed with the Magistrate Judge's analysis does not prove that this was a close case.

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). "The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

On September 26, 2018, the magistrate judge recommended that "Plaintiff's Eight Amendment claims regarding sleep deprivation be permitted to proceed against the County of San Diego; Sheriff Gore, Lieutenants K. Kamoss, Lovelace, Goings; Sergeants Brewer, Johns, Navarro and Fowler; and Deputies Oliver, Cole, McKenny, Cerda, Warren, Stratham, Epps, Mondragon, Barrios, Camalleri, JD Williams, Moon, Gallegas, Bullock, Vargas, Zepeda, F. Gonzalez, White, Ramos, De la Cruz, Huerta, M. Ellsworth, Bass, Olsen, Mendoza and Agnew"; that "Plaintiff's Fourteenth Amendment Claims regarding placement in administrative segregation be permitted to proceed against the County of San Diego and Sgt. Lawson;" and that "Plaintiff's Eighth Amendment claims regarding denial of outdoors and out of cell exercise be permitted to proceed against the County of San Diego . . . ." (ECF No. 86 at 31). In the Court's January 8, 2019 Order, the Court considered objections filed by Plaintiff and Defendants in order to conclude that "Plaintiff's Eighth Amendment claims regarding conditions of confinement based on sleep deprivation are dismissed as to all defendants;" that "Plaintiff's Fourteenth Amendment claims regarding placement in administrative segregation will proceed only against the County of San Diego and are dismissed against all individual defendants;" and that "Plaintiff's Eighth Amendment claims regarding denial of outdoors and out of cell exercise will proceed only against the County of San Diego and are dismissed against all individual defendants . . . ." (ECF No. 97 at 10).

On February 18, 2020, the magistrate judge recommended that "Summary Judgment on Plaintiff's Due Process Claim related to his placement in administrative segregation be DENIED"; that "Summary Judgment on whether Plaintiff exhausted his outdoor exercise

claim while at George Bailey Detention Facility be GRANTED;" "Summary Judgment on whether Plaintiff exhausted his outdoor exercise claim while at San Diego Central Jail be DENIED;" that "Summary Judgment on Plaintiff's Eighth Amendment Claim related to denial of outdoor exercise be DENIED; and" that "Summary Judgment on municipal liability be DENIED." (ECF No. 154 at 33). In the Court's April 6, 2020 Order, the Court considered objections filed by Plaintiff and Defendant County in order to grant summary judgment in favor of Defendant County and against Plaintiff on Plaintiff's due process claim regarding administrative segregation, Plaintiff's recreation yard claims at George Bailey Detention Facility, Plaintiff's recreation yard claims at San Diego Central Jail, and Plaintiff's cruel and unusual punishment claim regarding outdoor exercise. (ECF No. 166). The Court concludes that the case was sufficiently close and that the issues were sufficiently difficult to weigh against awarding costs to Defendant County because the magistrate judge recommended granting in part and denying part Defendant County's Motion for Summary Judgment while the Court ordered that summary judgment be granted in favor of Defendant County and against Plaintiff.

### III.   The Chilling Effect on Future Similar Actions

Plaintiff contends that "if a bill of costs in the hundreds to thousands of dollars is granted against plaintiff, then that would without a doubt represent and cause a chilling effect on other inmates who believe they are being mistreated by the county of san diego." (ECF No. 183 at 2). Plaintiff asserts that "[w]hile the amount of money sought might not seem that high to the average citizen, to an inmate who lives of almost no money and the richest inmates in State Prison are those who can afford $200 a month[,] [t]he amount would definitely caus[e] a severe chilling effect." *Id*. Defendant County contends that courts have awarded similar and larger costs without concern for a risk of chilling effect.

In *Draper*, the Court of Appeals concluded that the district "court's award of $3,018.35 in costs [to the plaintiff in a prisoner civil rights action] was an abuse of discretion." *Draper*, 836 F.3d at 1086. The Court of Appeals found that

> such a large cost award could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons. Many would-be litigants in Eighth Amendment excessive force cases, like Draper, have virtually no resources. Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment.

*Id*. at 1088. The Court of Appeals "note[d] that district courts have routinely declined to award costs against prisoners proceeding in forma pauperis under similar circumstances, citing potential chilling effects." *Id*. at 1088-89 (collecting cases); *see e.g.*, *Aguilar*, 2020 WL 2573468, at *2 (citation omitted) ("Having found this case involves matters of substantial public importance, and because Plaintiffs have limited financial resources . . . , an award of costs against Plaintiffs would have a chilling effect on future civil rights actions."); *Baltimore v. Haggins*, No. 1:10–cv–00931–LJO–JLT (PC), 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs because "while this Court is what some may call 'inundated' with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these."); *Meeks v. Parsons*, No. 1:03–cv–6700 OWW, 2010 WL 2867847, at *2 (E.D. Cal. July 21, 2010) (denying $7,448.04 in costs because "[b]ased on the totality of the circumstances, an award of the costs sought against Plaintiff would be inequitable, because he is without resources and an award has the potential to chill meritorious civil rights actions, to remedy denial of appropriate medical treatment for prisoners with known serious medical needs."). The Court concludes that the amount of costs in this case of $1,465 has a potential chilling effect on future similar actions.

**IV.   The Plaintiff's Limited Financial Resources**

Plaintiff asserts that he "has very limited resources." (ECF No. 183 at 2). Plaintiff asserts that he "has been released from custody for two and a half months now and has yet to be able to find employment." *Id*. Plaintiff asserts that "[h]e has zero income and lives of his wife's income which is low." *Id*. Plaintiff asserts that he "would not be able to

afford the bare necessities of life and pay the bill of costs." *Id*. Defendant County contends that Plaintiff's financial status does not excuse him from paying relatively minor fees.

"Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." *Escriba*, 743 F.3d at 1248. In *Escriba*, the Court of Appeals affirmed the district court's denial of costs because the plaintiff's "limited financial resources weighed against taxing her with [the defendant]'s costs." *Id*. at 1248. The Court of Appeals noted that "Escriba earned an average of $11,622 per year while working for Foster Farms, meaning that the costs being sought by the company exceed her average annual earnings. Moreover, the record reflects that Escriba's efforts to secure steady employment post-termination have been unsuccessful." *Id*. In *Draper*, the Court of Appeals reached a similar conclusion after finding that "Draper has virtually no resources." *Draper*, 836 F.3d at 1089. Defendant County has failed to present evidence demonstrating that Plaintiff's assertions regarding his financial resources are inaccurate or false. *See Aguilar*, 2020 WL 2573468, at *2 ("Defendants provide no evidence demonstrating Plaintiff Aguilar and Plaintiff P.A.'s guardian ad litem's declarations regarding their financial resources are inaccurate or false. Accordingly, the fourth *Escriba* factor regarding the limited financial resources of Plaintiffs weighs against awarding costs to Defendants."). The Court concludes that Plaintiff's limited financial resources weigh against awarding costs to Defendant County.

## V.     The Economic Disparity Between the Parties

Plaintiff contends that "the economic disparity between the two parties is enormous" because "Plaintiff who has no income or assets compared to the hundreds of millions if not a billion or two the county of san diego has in their war chest" "is almost the greatest economic disparity you can find." (ECF No. 183 at 2).

The Court of Appeals has found that public entities, such as counties, have significantly more resources than individual plaintiffs. *See Draper*, 836 F.3d at 1089. Thus, Defendant County, as a public entity, has significantly more resources than Plaintiff. *See e.g., Aguilar*, 2020 WL 2573468, at *3 (citations omitted) ("Courts have held public

11

3:17-cv-00564-WQH-NLS

entities, such as cities, have significantly more resources than individual plaintiffs. . . . Thus, the City of Los Angeles, as a public entity, has significantly more resources than Plaintiffs."). The Court concludes that the economic disparity between Plaintiff and Defendant weighs against awarding costs to Defendant County. The Court concludes that Plaintiff has sufficiently rebutted the presumption in favor of awarding costs to Defendant County because all five of the *Escriba* factors weigh against awarding costs to Defendant County.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Re-taxation of Costs filed by Plaintiff Thomas Goolsby (ECF No. 183) is GRANTED. The Court declines to award costs to Defendant County of San Diego in this action. The Order of the Clerk of the Court Taxing Costs (ECF No. 182) is VACATED.

Dated: October 29, 2020

Hon. William Q. Hayes
United States District Court